# IN THE SUPREME COURT OF THE STATE OF NEVADA

PERCY LAVAE BACON,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN;
OFFENDER MANAGEMENT DIVISION;
AND THE STATE OF NEVADA,
Respondents.

No. 71750

**FILED**

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

PERCY LAVAE BACON,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 71928

## ORDER VACATING AND REMANDING

These are pro se appeals from a district court order denying two postconviction petitions for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. We elect to consolidate these appeals for disposition because the petitions filed below sought the same relief and the district court resolved both petitions in one order. *See* NRAP 3(b).

Appellant Percy Lavae Bacon argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Bacon's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997)

---

[1]Having considered Bacon's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37761

where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Bacon is serving an aggregated sentence pursuant to such a statute for several burglaries committed on or between July 17, 1997, and June 30, 2007. *See* NRS 205.060(2).[2] Consistent with *Williams*, the credits that Bacon has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. *See generally* NRS 213.1212 (addressing parole eligibility where sentences have been aggregated). The district court erred in ruling to the contrary.[3] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

---

[2]Bacon suggests that the district court could not impose a minimum term of more than one year. We disagree because NRS 205.060(2) sets the lowest minimum term that the sentencing court may impose for a burglary conviction ("not less than 1 year") but affords the sentencing court discretion to impose a higher minimum term limited only by NRS 193.130(1).

[3]The court cannot grant Bacon any relief on the sentences that he has already discharged. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. Similarly, the court cannot grant him any relief on the sentence he is serving at this time if he has already appeared before the parole board on that sentence. *Id.* It is unclear from the record before this court whether Bacon has appeared before the parole board on that sentence. The district court may consider any evidence in that respect on remand.

cc: Hon. Linda Marie Bell, District Judge
Percy Lavae Bacon
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk